UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMUEL ERICK RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>MICHELE ALEXANDER, DEBBIE OVERTURF, SUPERINTENDENT HOLBROOK and WENDY STIGALL,<br><br>Defendants. | NO: 4:17-CV-5001-RMP<br><br>ORDER DISMISSING COMPLAINT |

By Order filed March 15, 2017, the Court advised Plaintiff of the deficiencies of his complaint and granted him the opportunity to voluntarily dismiss, ECF No. 9. Plaintiff did not comply with the Court's directive and has filed nothing further in this action.

Plaintiff initiated this action while a prisoner at the Coyote Ridge Corrections Center. He is proceeding *pro se* and *in forma pauperis*. Plaintiff seeks $500,000.00, claiming that out-of-state "jail credit" has not been properly applied to his sentence.

ORDER DISMISSING COMPLAINT -- 1

If a state prisoner challenges the fact or duration of his confinement, or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus, with its requirement of exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Because a decision in Plaintiff's favor would necessarily imply the invalidity of his term of incarceration, Plaintiff's claim for monetary damages is premature until such time as that term has been invalidated. *See Heck*, 512 U.S. at 487.

Before a federal court will consider the merits of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the petitioner must demonstrate that each and every claim in the petition has been presented for resolution by the State Supreme Court. A state prisoner must exhaust state Supreme Court remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court. *Granberry v. Greer,* 481 U.S. 129, 134 (1987); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *Bland v. Calif. Dept. of Corrections*, 20 F.3d 1469, 1472 (9th Cir. 1994). The exhaustion requirement protects the role of state courts in enforcing federal law, prevents the disruption of state judicial proceedings, and gives the state's highest court the opportunity to examine and vindicate a right of federal constitutional magnitude. *Rose v. Lundy,* 455 U.S. 509, 518-20 (1982).

A claim is considered exhausted when it has been fully and fairly presented to the state Supreme Court for resolution under federal law. *Anderson v. Harless*, 459 U.S. 4 (1982); *Harris v. Pulley*, 852 F.2d 1546, 1569-71 (9th Cir. 1988), *opinion amended on other grounds and superseded by* 885 F.2d 1354, *cert. denied,* 493 U.S. 1051 (1990). Moreover, a petitioner seeking relief must have presented each claim to the state Supreme Court based upon the same federal **legal** theory and the same **factual** basis asserted in the federal petition. It is only then that the exhaustion requirement of 28 U.S.C. § 2254 is fulfilled. *Hudson v. Rushen*, 686 F.2d 826 (9th Cir. 1982), *cert. denied*, 461 U.S. 916 (1983); *Schiers v. People of State of California*, 333 F.2d 173 (1964).

Plaintiff has not shown that a state tribunal or federal habeas court has determined that his term of incarceration is invalid. Therefore, his claim is not presently cognizable under 42 U.S.C. § 1983. *See Heck*, 512 U.S. at 487; *Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997). Consequently, **IT IS ORDERED** the complaint is dismissed without prejudice.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment, forward copies to Plaintiff, and close the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** June 1, 2017.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          United States District Judge